JKM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Nashwan Ahmed Ali, | ) | No. CV 05-2341-PHX-DGC (HCE) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Phillip Crawford, | ) | |
| Respondents. | ) | |

Petitioner Nashwan Ahmed Ali (A47-793-071), who is confined in the Immigration Service Processing Center in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The five dollar filing fee has been paid.

Petitioner alleges that immigration officials are holding him in detention pending his removal from the United States, but that his removal cannot be effected. Petitioner argues that he is entitled to immediate release from custody because his indefinite detention with no prospect that his removal will be effected in the reasonably foreseeable future is not authorized by law. See Zadvydas v. Davis, 533 U.S. 678 (2001) (when there is no reasonable likelihood that a foreign government will accept an alien's return in the reasonably foreseeable future, the INS may not detain the alien for more than the presumptively reasonable period of six months); Clark v. Martinez, 125 S. Ct. 716 (2005) (extending the holding in Zadvydas to inadmissible aliens). An answer will be required.[1]

---

[1] The REAL ID Act of 2005 does not deprive the Court of jurisdiction over Petitioner's claim because the Act was "not intended to 'preclude habeas review over

**IT IS THEREFORE ORDERED:**

(1) That the Clerk of Court shall serve a copy of the Summons, Petition and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court also shall send by certified mail a copy of the Summons, Petition and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2)(A).

(2) That Respondent shall answer the Petition within twenty (20) days of the date of service. Respondent shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(3) That Petitioner shall serve upon Respondent, or if appearance has been entered by counsel, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court. Petitioner shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Respondent or the counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the Court may be disregarded by the Court.

(4) That a clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned and additional copies for each Judge in three-judge cases. See LRCiv 5.4. Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Petitioner.

(5) That at all times during the pendency of this action, Petitioner shall immediately advise the Court and the United States Marshal of any change of address and its effective

---

challenges to detention that are independent of challenges to removal orders.'" Hernandez v. Gonzales, 424 F.3d 42, 42-43 (1st Cir. 2005) (quoting H.R. Cong. Rep. No. 109-72, at 2873 (2005)).

date. Such notice shall be captioned "Notice of Change of Address." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Petitioner shall serve a copy of the Notice of Change of Address on all opposing parties. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

(6) That the matter is referred to Magistrate Judge Hector C. Estrada pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 16th day of November, 2005.

David G. Campbell
United States District Judge

TERMPSREF

- 3 -