IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Nashwan Ahmed Ali,<br><br>    Petitioner,<br><br>vs.<br><br>Phillip Crawford,<br><br>    Respondent. | No. CV 05-2341-PHX-DGC (HCE)<br><br>**REPORT & RECOMMENDATION** |

    Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. For the following reasons, the Magistrate Judge recommends that the District Court dismiss this action as moot.

## DISCUSSION

    Petitioner alleges that immigration officials are holding him in detention pending his removal from the United States and that his removal cannot be effected.[1] Therefore, Petitioner seeks immediate release from custody on the ground that his indefinite detention with no prospect of effecting removal in the reasonably foreseeable future is unlawful. *See Zadvydas v. Davis*, 533 U.S. 678 (2001) (when there is no reasonable likelihood that a

---

[1] The record reflects that Petitioner is a citizen of Iraq. (Exhibit to Respondent Suggestion of Mootness)

foreign government will accept an alien's return in the reasonably foreseeable future, the INS may not detain the alien for more than the presumptively reasonable period of six months).

On December 1, 2005, Respondent filed a "Suggestion of Mootness" indicating that Petitioner was released from custody on October 27, 2005. Therefore, Respondent asserts that the action is now moot because Petitioner has already obtained the relief requested in his Petition.

On March 8, 2006, the Court ordered Petitioner to submit a brief no later than April 10, 2006 showing good cause why this case should not be dismissed as moot in light of Respondent's Suggestion of Mootness. Additionally, the Court directed Petitioner to file a Notice of Change of Address by that same date.[2] Petitioner was advised that his failure to file the brief and Notice of Change of Address would result in a recommendation for dismissal of this action without further notice to him. Petitioner has not filed the brief or Notice of Change of Address.

The record supports Respondent's position that Petitioner has obtained the relief he requested in his Petition for Writ of Habeas Corpus. Accordingly, the Petition should be dismissed as moot.

## **RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends that the District Court dismiss Petitioner's Petition for Writ of Habeas Corpus as moot.

Pursuant to 28 U.S.C. §636(B), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: **CV 05-2341-PHX-DGC**.

---

[2]Petitioner was also advised on November 16, 2005 that "[a]t all times during the pendency of this action, Petitioner shall immediately advise the Court...of any change of address and its effective date." (November 16, 2005 Order, pp.2-3)

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

The Clerk of the Court is DIRECTED to mail a copy of this Report and Recommendation to Petitioner at his address of record and at the following address listed as Petitioner's forwarding address in the exhibits attached to Respondent's Suggestion of Mootness:

> 10450 N. Magnolia Avenue
> # F-6
> Santee, CA 92071

DATED this 5th day of May, 2006.

_____
Héctor C. Estrada
United States Magistrate Judge